# In the United States Court of Federal Claims

No. 11-408C
(Filed: January 25, 2012)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **SIMULATION TECHNOLOGY, LLC,** | Contract Disputes Act; |
| Plaintiff, | 41 U.S.C. §§ 7101-7109; motion to dismiss; |
|  | RCFC 12(b)(1); subject matter jurisdiction; |
| v. | excusable delays; same operative fact; |
|  | *Cerberonics* |
| **THE UNITED STATES,** |  |
| Defendant. |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Edward R. Gay*, Orlando, FL, for Plaintiff.

*Russell J. Upton*, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

———————————

# OPINION

———————————

**DAMICH**, Judge:

This action involves a contract to build training simulation equipment for the United States Air Force ("USAF"). Plaintiff Simulation Technology, LLC, has filed an appeal under the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 7101-7109, contesting the final decision of the Contracting Officer ("CO") to reduce the amount due under the contract from $93,000 to $70,000 in consideration for Plaintiff's belated delivery of the equipment. In its complaint, Plaintiff alleges that it experienced excusable delays in the performance of critical activities, and therefore, its delivery was not late and it is entitled to the full amount under the contract.

The Government has filed a Motion to Dismiss for lack of subject matter jurisdiction. The Government alleges that the only claim Plaintiff made to the Contracting Officer was that the Government agreed to modify the delivery schedule and waived its right to demand consideration for the modification. The Government asserts that jurisdiction is improper because Plaintiff never presented the excusable delays claim to the Contracting Officer for a final decision, a prerequisite to this Court's jurisdiction over the appeal.

Under the CDA, this Court has jurisdiction over a claim only if it is the same claim as presented to the contracting officer. This standard does not require exact identity between the claims, but only that they be sufficiently similar to give the contracting officer notice of the amount of and basis for the claim. The Court finds that it does not have jurisdiction over Plaintiff's appeal because its claim that the Government agreed to waive consideration for late delivery was insufficient to put the CO on notice of a claim that Plaintiff experienced excusable delays. Accordingly, the Government's Motion to Dismiss must be granted.

## I.    Background

In September 2008, Plaintiff won a firm-fixed-price contract for $93,000 to build a High Mobility Multi-Purpose Wheeled Vehicle ("HMMWV" or humvee) Egress Assistance Trainer ("HEAT"). The HEAT is a humvee cab that is attached to a mechanical frame. The frame rotates the humvee cab to simulate a rollover so that military personnel inside the cab can practice escaping from an overturned vehicle. Def.'s Mot. Dismiss at 1. Under the contract, Plaintiff was to deliver the HEAT on or about January 24, 2009.

According to its complaint, after being awarded the contract Plaintiff immediately experienced problems that delayed its performance. Compl. ¶¶6-7. Plaintiff alleges that it was expecting a humvee cab that was ready to insert into the simulation. Plaintiff asserts that the cab the USAF provided was not ready to insert, but instead had significant amounts of equipment attached to the cab and some interior damage. Compl. ¶7. On February 26, 2009, Plaintiff advised USAF that the delivery schedule would need to be revised because it had been unable to obtain certain parts and supplies. Compl. ¶8. On March 18, 2009, Plaintiff advised USAF that it still was awaiting some parts. Compl. ¶9. Plaintiff and USAF continued to communicate in June and July 2009. At that time, the USAF requested consideration for the delivery delay, but the parties did not reach an agreement on what would be appropriate consideration. Compl. ¶10. On September 1, 2009, a USAF representative visited Plaintiff's facilities to see the progress of construction. Compl. ¶11. On December 23, 2009, the HEAT was delivered to the USAF, 11 months after the delivery date specified in the contract.

In March 2010, the Contracting Officer requested a $23,000 reduction in price as consideration for late delivery. Plaintiff rejected the offer, and on April 19, 2010, Plaintiff submitted a claim for the full balance due on the contract. In its claim to the Contracting Officer, Plaintiff asserted that the Government waived its right to consideration by agreeing to modify the delivery schedule without requiring consideration. Final Decision at 5 (filed under Pl.'s Notice, Sept. 21, 2011). It also asserted that the Government "waived any issues relating to delivery delays" by "formally accepting delivery." *Id.*

On June 21, 2010, the Contracting Officer issued her final decision on Plaintiff's claim. The CO found that the Government did not waive consideration because it requested and discussed consideration with Plaintiff many times throughout the period of delay. Final Decision at 6. She concluded that the Government was entitled to an equitable price reduction of $23,000, which was equal to the costs incurred as a result of the delay.

On June 21, 2011, Plaintiff filed this complaint.  Plaintiff alleges that it experienced excusable delays in the performance of critical activities under the contract, and therefore, its delivery of the HEAT complied with the contractual terms.  Plaintiff claims it is entitled to the full $93,000 under the contract.

The Government has filed a Motion to Dismiss under Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").  The Government asserts that Plaintiff neither explicitly asserted an excusable delays claim to the Contracting Officer nor impliedly asserted it because Plaintiff did not present facts sufficient to establish an excusable delay claim.  Because an appeal of a contracting officer's decision must arise from the same claim, the Government argues that jurisdiction is improper.

## II.     Discussion

### A.      Standard of Review

A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question, it [is] incumbent upon [the plaintiff] to come forward with evidence establishing the court's jurisdiction").  When deciding a motion to dismiss pursuant to RCFC 12(b)(1), the Court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in [the] plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995); *see Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

If subject matter jurisdiction is challenged, the plaintiff cannot rely merely on allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. *See McNutt v. Gen. Motors. Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Reynolds*, 846 F.2d at 747-48.  When ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may consider evidence and resolve factual disputes over the jurisdictional facts.  *Reynolds*, 846 F.2d at 747; *see also Rocovich v. United States*, 933 F.2d 991, 994 (Fed. Cir. 1991); *Int'l Mgmt. Servs., Inc. v. United States*, 80 Fed. Cl. 1, 2 n.2 (2007).

Plaintiff has filed the Contracting Officer's final decision, and the Court considers the decision in determining whether jurisdiction is proper.

### B.      Jurisdiction over CDA Claims

Under the CDA, this Court has jurisdiction over appeals filed within 12 months of a contracting officer's final decision on a claim.  § 7104(b).  Jurisdiction is proper only if the appeal is "'based on the same claim previously presented to and denied by the contracting officer.'"  *Scott Timber, Co. v. United States*, 333 F.3d 1358, 1365 (Fed. Cir. 2003) (quoting *Cerberonics, Inc. v. United States*, 13 Cl. Ct. 415, 417 (1987)).  While a claim does not need to follow a set form, the administrative claim must provide to the contracting officer adequate notice of the basis for and amount of any claim made on appeal.  *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1328 (Fed. Cir. 2010); *see Contract Cleaning Maint., Inc. v.*

*United States*, 811 F.2d 586, 592 (Fed. Cir. 1987) (the claim must contain "a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim"). However, if the complaint sets forth a new claim or a claim whose scope differs from what was previously presented to the contracting officer, this Court will not have jurisdiction over it. *Santa Fe Eng'r v. United States*, 818 F.2d 856, 859 (Fed. Cir. 1987); *see A.A.B. Joint Venture v. United States*, 75 Fed. Cl. 414, 422-23 (2007).

When a contractor's claim on appeal differs from the claim presented to the CO, jurisdiction generally will be proper if the appeal is based on "the same set of operative facts underlying the claim presented to the contracting officer." *Cerberonics*, 13 Cl. Ct. at 417; *see Scott Timber*, 333 F.3d at 1365. In determining whether two claims are the same, the "critical test" is whether adjudication of the claim on appeal would "circumvent[] the statutory role of the contracting officer to receive and pass judgment on the contractor's entire claim." *Cerberonics*, 13 Cl. Ct. at 417. While a plaintiff's claim on appeal need not "rigid[ly] adhere[] to the exact language or structure of the original administrative CDA claim," *Scott Timber*, 333 F.3d at 1365, the administrative claim must have been "sufficiently specific as to apprise [the contracting officer] of the basis and amount of [the] claim" made on appeal, *A.A.B. Joint Venture*, 75 Fed. Cl. at 422.

When a plaintiff makes two claims that request the same relief based on the occurrence of the same events, courts typically have found that the claims are the same. In *Scott Timber*, the Federal Circuit upheld the finding of the Court of Federal Claims ("CFC") that it had jurisdiction. In the administrative claim, the plaintiff had asserted that it was entitled to consequential damages because the government suspended plaintiff's contract for a prolonged period. The plaintiff alleged that the unauthorized suspension breached several clauses of the contract. In its appeal to the CFC, the plaintiff again sought consequential damages for the prolonged suspension, but it asserted that the suspension breached different clauses of the contract. The Federal Circuit found that the contracting officer was on notice that the plaintiff was asserting the prolonged suspension was a breach of contract and was seeking consequential damages for the breach. Even though the plaintiff "may have posed slightly different legal theories for the breach, [] [the plaintiff's] claim is essentially the same as presented to the [contracting officer]." *Scott*, 333 F.3d at 1365-66.

Similarly, in *Thermocor v. United States*, 75 Fed. Cl. 480, 489 (1996), the plaintiff submitted a claim to the contracting officer for an equitable adjustment based on work done in excess of the contract, basing its claim on the Variance in Estimated Quantity clause. Plaintiff later filed a claim requesting the same equitable adjustment based instead on the Changes clause, under the cardinal change rule. *Id.* Although the legal theory was different, the CFC found that jurisdiction was proper because Plaintiff requested the same equitable adjustment based on the same operative facts. *Id.* at 489-90.

In contrast, when two claims request different relief and are based on the occurrence of different events, courts have been less generous in finding that the two claims are the same. In *A.A.B. Joint Venture*, this Court found that the plaintiff was asserting a new claim when the plaintiff asserted the government's response to a request for information ("RFI") resulted in a constructive change to the contract. 75 Fed. Cl. at 422-23. In its original claim, the plaintiff had

asserted that the contract contained two contradictory requirements, one that permitted the contractor to choose a quality control method and another that required it to use a specific, more expensive method. The plaintiff requested compensation for being required to use the more expensive method, and the claim set forth an accounting of the associated costs. The original claim did not mention the RFI nor the costs associated with the constructive change. The Court found that "no statement was presented to the contracting officer that was sufficiently specific as to apprise him of the basis and amount of a claim based on an alleged constructive change arising from the government's response to [the RFI]." *Id.* at 422. The Court found that it lacked jurisdiction over that claim because the two claims differed in both the factual basis and the proof required. *Id.* at 423.

### C.    Plaintiff's Administrative Claim Did Not Give the CO Notice of the Basis of Its Claim on Appeal: Excusable Delays

Here, the Court must determine whether the operative facts of a claim for contract modification due to excusable delay were before the Contracting Officer. If the facts before the Contracting Officer were sufficient to give her notice that Plaintiff would request the full amount under the contract because excusable delays permitted modification of the contractual delivery schedule, the Court will have jurisdiction over Plaintiff's appeal. To prove that it experienced excusable delays, Plaintiff will need to establish that the delay was beyond its control and that it was without fault or negligence. Plaintiff will need to present evidence showing the cause of the delay, the duration of the delay, and its efforts to modify or overcome the delay. *See Sauer Inc. v. Danzig*, 224 F.3d 1340, 1345 (Fed. Cir. 2000); *see, e.g.*, 48 C.F.R. § (FAR) 52.212-4.

The Government asserts jurisdiction is improper because the facts presented to the CO were insufficient to support an excusable delay claim. Because the relevant facts were not before the CO, the CO was not on notice of the excusable delays claim and did not have an opportunity to render a decision on it. Therefore, the Government asserts that the excusable delays claim did not arise out of the same operative facts as Plaintiff's administrative claim.

Plaintiff admits that it did not use the term "excusable delays," but it asserts that it brought the relevant issues regarding delays before the CO. Plaintiff cites to *Scott Timber* for the proposition that its claim on appeal need not "'rigid[ly] adhere[] to the exact language or structure of the original administrative CDA claim.'" Pl.'s Br. at 2 (quoting *Scott Timber*, 333 F.3d at 1365). Plaintiff contends that it has satisfied the requirements of the CDA.

A comparison of Plaintiff's two claims shows that the CO was not on notice of the excusable delays claim. In its administrative claim, Plaintiff asserted that when a contractor fails to make timely delivery, the contracting officer has discretion to terminate the contract or to allow the contractor to continue performance under a new delivery schedule. Final Decision at 5-6. Plaintiff asserted that the Contracting Officer was aware of the delays and agreed to new delivery dates without requiring consideration for the changes. *Id.* at 2-3, 5. Plaintiff claimed that, even though the USAF did not require consideration, Plaintiff provided consideration in the form of out of scope changes. *Id.* at 5. Those out of scope changes included, *inter alia*, modification of the HEAT's design and additional labor on the humvee cab because, according to Plaintiff, the humvee cab the USAF delivered was not compliant with the contractual terms.

*Id.* at 4.  Finally, it asserted that the Government waived any issues relating to delivery dates by accepting final delivery of perfect tender.  *Id.* at 5.

In her final decision, the Contracting Officer found that the issue of consideration for the delays first was raised in February 2009, and that the Government requested and discussed consideration with Plaintiff many times throughout the period of delay.  Final Decision at 6.  The Contracting Officer found that though Plaintiff made several offers of consideration, the Government did not accept any of them and informed Plaintiff they were insufficient compensation for expenses incurred due to the delinquency.  *Id.* at 6-7.  The CO concluded that the late delivery issue never was waived and that the Government was entitled to an equitable price reduction as consideration for the delay.  *Id.* at 7.

This case presents a close question of whether the two claims are the same.  A claim on appeal may diverge from the administrative claim without precluding jurisdiction, but only if the facts and allegations contained in the administrative claim were sufficient to give the contracting officer an opportunity to consider and rule on the claim made on appeal.  When the administrative claim focuses on one theory of relief and does not allege facts sufficient to satisfy any of the elements of the theory of relief asserted on appeal, it is unlikely that the appeal has arisen from the same operative facts.  Such is the case here.

Plaintiff's original claim narrowly focused on whether the Government agreed to accept the late delivery and whether that acceptance extinguished any claim for consideration.  The claim focused on Plaintiff's communications with the CO regarding the duration of the delays and also on the parties' agreement regarding a modified delivery date.  Although Plaintiff's administrative claim referenced Plaintiff's belief that the humvee cab was defective and resulted in additional costs to Plaintiff, Plaintiff did not assert that the cab was responsible for the delay.  The administrative claim did not contain allegations that would have put the CO on notice of an excusable delay—Plaintiff did not present evidence showing the duration of the uncontrollable delays, assert that its late delivery was solely attributable to the uncontrollable delays, or present facts showing that it tried to overcome the delays.  *See Sauer*, 224 F.3d at 1345.  In these circumstances, the Court cannot find that the CO had notice of the excusable delays claim.

To be sure, Plaintiff is correct that the claims need not be identical and that its administrative claim sets forth several facts relevant to its excusable delays claim.  The test for jurisdiction is not, however, merely whether the two claims have some overlapping facts.  The test for jurisdiction is whether the claims are based on the same operative facts, thereby giving the contracting officer notice of the claim and an opportunity to render a decision on it.  Here, Plaintiff may have alleged that it experienced some delays beyond its control, but the focus of its claim was that the CO agreed to modify the delivery schedule.  The claim contained no statement that would have alerted the CO to consider whether Plaintiff's delinquency was excusable because all the delays experienced were beyond Plaintiff's control.  Were this Court to hear Plaintiff's claim, it would allow the Plaintiff to circumvent the CO's statutory role in resolving disputes by depriving the CO of the opportunity to render a decision on the excusable delays claim in the first instance.

## III.     Conclusion

For the reasons set forth above, the Government's Motion to Dismiss for lack of subject matter jurisdiction is **GRANTED**.  The Clerk is directed to dismiss the Plaintiff's complaint.

s/ Edward J. Damich
EDWARD J. DAMICH
Judge